JOHN W. LOOMIS *vs.* DANIEL W. CORBIN AND ANOTHER.

The plaintiff agreed to sell the defendants a quantity of tobacco of a stipulated quality, to be delivered to an express company in New York, for transportation at the expense of the defendants to their place of business in Chicago. The tobacco was so delivered, of the quality agreed, and properly packed. Two days after, the plaintiff wrote the defendants, informing them of the delivery of the tobacco, and closing his letter as follows : " If this should not be satisfactory to you I will send you any article you may deem necessary." Held, that the plaintiff did not thereby give the defendants 'the right to refuse to receive the tobacco, on its arrival at Chicago, if it should have been damaged on the way.

ASSUMPSIT, to recover the price of a quantity of tobacco sold by the plaintiff to the defendants. The case was referred to an auditor, who made a special finding of the facts.

By the contract between the parties, the tobacco, which was to be of a certain agreed quality, was to be delivered to the Merchants' Express Line at New York, to be forwarded by the express company, at the expense of the defendants, to Chicago, where they resided. It was so delivered, properly packed in casks and of the quality agreed, and was received by the defendants at Chicago twenty days afterwards. On opening

several of the casks, a portion of the tobacco in each was found to have an unpleasant taste and odor, which rendered it unsaleable in that market and inferior in quality to the tobacco contracted for. The defendants thereupon refused to accept it, and returned it to the plaintiff, who refused to receive it, and it was finally sold by the railroad company for the freight upon it. On the trial before the auditor the defendants read in evidence the following letter from the plaintiff to them, which was written two days after the tobacco was delivered to the express company in New York.

" Suffield, May 11th, 1859.

" Messrs. D. W. Corbin & Co.,— *Gentlemen :* This day, May 5th, shipped on board the Merchants' Despatch line at their depot from New York, 18 bbls and 27 half bbls of tobacco, 1991 lbs. in good order, at 28 cents per lb., $557.48; hoping you will receive it in good order, and to your satisfaction. If anything should prove wrong in the freight, I will send you their regular bill of lading, dated May 9th, 1857, agreeing to carry it for $1.65 per 100 lbs. If this should not prove satisfactory to you, I will send you any article you may deem necessary.            Very respectfully, yours,

J. W. Loomis."

The defendants claimed that, whatever the general rule might be in respect to delivering goods to an agent, the letter gave the defendants the right to elect whether to keep or return the tobacco, after it arrived in Chicago, and after they had the opportunity and a reasonable time to inspect it ; and if, on the facts found, the tobacco was not to be regarded as at the risk of the defendants after it was delivered to the express line in New York, but at the risk of the plaintiff, or if the letter so varied the rights of the parties that the defendants had a right to refuse to accept the tobacco after its arrival in Chicago, then the auditor found nothing due from the defendants to the plaintiff; but otherwise the sum of $629.94.

The superior court accepted the report of the auditor and rendered judgment for the plaintiff. The defendants thereupon filed a motion in error and brought the record before this court for revision.

*Hungerford* and *E. A. Bulkeley*, for the plaintiffs in error.

*C. E. Perkins*, for the defendant in error.

HINMAN, J.   The only question in this case arises upon the construction of the plaintiff's letter advising the defendants that he had shipped to them the tobacco for which he now seeks to recover the price previously agreed upon.

It is not denied that the tobacco, when shipped, was at the risk of the defendants, unless there is something in this letter to relieve the defendants from this liability.   We think there is nothing that ought to have this effect.   The main object of the letter obviously was to inform the defendants that the tobacco had been sent according to the previous arrangement, and after expressing the hope that it would be received in good order, and be satisfactory, he says, in reference to the freight, that if anything should prove wrong, he will send the defendants the carriers' bill of lading, and states the price at which the goods were to be carried, and then closes with the remark on which so much stress is laid by the defendants' counsel, as amounting to a guaranty on the part of the plaintiff that if it should not arrive in good order he will take back the tobacco and replace it by a similar article, as the defendants might direct.   In order to amount to such a promise as this, entirely shifting the responsibility as to the risk of transportation from the defendants, and taking it upon himself, there ought, we think, to be something more clear and definite than the loose expression which we find at the close of this letter.   Precisely what its meaning was, it is difficult to tell. But when we consider that there was no occasion or consideration for any such promise as it is claimed to amount to, and that it may have referred to the bill of lading that he had just before spoken of sending, if anything should be wrong as to the freight, or that it may have been intended as the expression of a desire for further business transactions with the defendants, we think the superior court was correct in not giving it the importance that was claimed for it by the defendants.

We are of opinion, therefore, that there is no error in the judgment complained of.

In this opinion the other judges concurred; except ELLSWORTH, J., who was absent.

Judgment affirmed.